**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDMUND M. ABORDO, | No. 16-15466 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00279-ACK-BMK |
| v. | |
| MOBI PCS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Edmund M. Abordo appeals pro se from the district court's judgment in his

42 U.S.C. § 1983 action alleging unlawful surveillance and disclosure of his

electronic communications.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Doe v. United States*, 419 F.3d 1058, 1063 (9th Cir. 2005)

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(motion for judgment on the pleadings); *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (dismissal for failure to state a claim); *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment). We affirm.

The district court properly denied Abordo's motion for judgment on the pleadings, denied Abordo's motion for summary judgment, and granted defendants' cross-motion for summary judgment with respect to Abordo's claims under 42 U.S.C. § 1983 because Abordo failed to raise a genuine dispute of material fact as to whether any defendant was acting under the color of state law in responding to subpoenas issued by the State of Hawaii's Department of Commerce and Consumer Affairs. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not generally act under color of state law for § 1983 purposes); *see also Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36, 841 (9th Cir. 1999) (setting forth four factor test for determining when private conduct amounts to governmental action and explaining that "governmental compulsion in the form of a generally applicable law, without more" is insufficient to deem a private entity a state actor).

The district court properly determined that Abordo lacks standing to bring a claim under Hawaii Revised Statute § 711-1111. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest

in the prosecution or nonprosecution of another.").

The district court properly dismissed Abordo's claim under 18 U.S.C. § 2511 ("Wiretap Act") because Abordo failed to allege facts sufficient to state a plausible claim for relief under the Wiretap Act. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 876-79 (9th Cir. 2002) (the Wiretap Act applies only to acquisition of electronic communications contemporaneous with transmission); *see also Theofel v. Farey-Jones*, 359 F.3d 1066, 1077-78 (9th Cir. 2004) (the Wiretap Act does not apply to disclosure of electronic communications held in electronic storage).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Abordo's requests for judicial notice, set forth in his reply brief, are denied.

**AFFIRMED.**